**IN THE COURT OF APPEALS OF IOWA**

No. 18-0262
Filed April 18, 2018

**IN THE INTEREST OF L.B.,**
**Minor Child,**

**D.B., Father,**
    Appellant.
_____

    Appeal from the Iowa District Court for Polk County, Rachael E. Frideres-Seymour, District Associate Judge.


    The father appeals the termination of his parental rights. **AFFIRMED.**


    Andrea M. Flanagan of Flanagan Law Group, P.L.L.C., Des Moines, for appellant father.

    Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

    ConGarry D. Williams of Juvenile Public Defender Office, Des Moines, guardian ad litem for minor child.


    Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

The father appeals the termination of his parental rights to his child, born in April 2016.[1] On appeal, the father challenges the statutory grounds for termination and claims termination of his parental rights is not in the child's best interests. We review the termination of parental rights de novo. *In re D.M.J.*, 780 N.W.2d 243, 245 (Iowa Ct. App. 2010).

The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(e) and (h) (2017). Where, as here, the juvenile court terminates on more than one ground, we may affirm on any ground that we find supported by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We consider paragraph (h), which allows the court to terminate parental rights if it finds all of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

The father concedes the first two elements have been met; he challenges only the third and, nominally, the fourth element. The father maintains the third

---

[1] The mother's parental rights were also terminated. Although a notice of appeal was filed in the mother's name, the mother failed to sign to it and she failed to respond to an order from our supreme court requiring her to file a signed, amended notice. Her appeal was ultimately dismissed for failure to comply with the appellate rules of procedure.

element has not been satisfied because he had a "trial period" with the child in his home for longer than thirty days. The father misconstrues the meaning of the third element. The child was placed in his care from June 2016—when L.B. was formally removed from the mother's care—until October 2016. However, from October 2016 until November 2017—the time of the termination hearing—L.B. remained outside of the father's care. L.B. had been outside of the father's care for all of the previous twelve months leading up to the termination hearing with no trial period at home; thus, the third element is satisfied. *See D.M.J.*, 780 N.W.2d at 246 ("Given the presence of a comma in the statute before the word 'or,' we think it is reasonable to conclude that the subsequent language 'and any trial period at home has been less than thirty days' applies to and qualifies only the language *after* the comma."). As to the fourth element, the father does not allege that L.B. could have been returned to his care at the time of the termination hearing, and our own review of the record establishes that the child could not be returned to the father's care. The father attended only one visit with L.B. in the six weeks leading up to the termination hearing and he had not yet completed substance-abuse treatment, mental-health therapy, an anger-management course, or parenting classes—although each had been recommended since the proceedings began in June 2016. We acknowledge the father began participating in several of the recommended services in August and September 2017, but we "look skeptically at 'last-minute' attempts to address longstanding issues, finding them inadequate to preclude termination of parental rights." *In re A.D.*, No. 15-1508, 2016 WL 902953, at *2 (Iowa Ct. App. Mar. 9, 2016) (citing *In re C.B.*, 611 N.W.2d 489, 194 (Iowa 2000)). Additionally, while the father had maintained a

residence for approximately three months, the family's social worker testified she did not consider the housing stable as the father had "mentioned on several occasions that he needs help paying rent" and had a history of homelessness throughout the proceedings. The statutory grounds for termination have been met pursuant to section 232.116(1)(h).

Next, the father maintains termination of his parental rights is not in L.B.'s best interests because he was the child's "primary caretaker for the first three months of L.B.'s life." While it appears, as the father contends, that he did his best to provide care for L.B. while he was in his custody from June to October 2016, the child had been removed from the father for over a year at the time of the termination hearing. During L.B.'s short life, he had been through a number of placements. However, at the time of the termination hearing, he was living with a pre-adoptive foster family, where he had been integrated into the family and felt comfortable. As with all children, permanency and stability are in L.B.'s best interests. *See* Iowa Code § 232.116(2) (requiring courts, when considering the child's best interests, to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."); *see also In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and her "need for a permanent home"). The father is not currently able to provide L.B. with these essential qualities; termination of his parental rights is in L.B.'s best interests.

Because the statutory grounds for termination have been met and terminating the father's parental rights is in L.B.'s best interests,[2] we affirm.

**AFFIRMED.**

---

[2] We do not consider whether any of the factors weighing against termination apply, as the father has the burden to establish the applicability of any such factor and has not urged us to consider any in this case. *See In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018) ("[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination under" subsection (3)).